LIPEZ, Circuit Judge,
concurring.
This case demonstrates the importance of standards of review to the outcome of appeals. In the prior majority decision in this case, I wrote to vacate the district court’s grant of judgment as a matter of law for defendant Jones because that ruling, in my view, was incompatible with the district court’s obligation to consider whether the jury had “a legally sufficient evidentiary basis” for its verdict. Fed. R.Civ.P. 50(a). My view on that issue has not changed. When the evidence presented at the first trial was considered in the light most favorable to the verdict — the applicable standard both in the district court and on appeal — the jury’s judgment in favor of Jennings had to be upheld.
*445 The standards are very different, however, for motions seeking a new trial. In deciding whether to grant such a request, the district court is entitled to make its own judgment about the strength of the evidence, including the credibility of witnesses. MacQuarrie v. Howard Johnson Co., 877 F.2d 126, 132 (1st Cir.1989). It follows that we, in turn, are obliged to afford wide latitude to the court’s discretionary judgment about the strength of the evidence. See, e.g., Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 375 (1st Cir.2004).
The impact of the differing standards is apparent when we examine the “critical factual dispute” at the heart of the prior majority decision: “whether Jones increased the force he applied after Jennings already had ceased resisting for several seconds.” Jennings v. Jones, 499 F.3d 2, 7 (1st Cir.2007). We concluded that, given the testimony of Jennings, Piccoli and Monroe, “the only view of the evidence consistent with the principle that we take the facts in the light most favorable to the jury verdict” was that Jones had in fact increased the force he used to restrain Jennings. Id. at 10. Based on that view of the evidence, we held that the district court improperly granted judgment for Jones on Jennings’ excessive force claim.
In this appeal, however, our focus has shifted. In evaluating Jones’ motion for a new trial, the district court discussed the evidence that was essential to our previous decision — the testimony of Jennings, Piccoli and Monroe. It found their accounts of the increased use of force implausible in light of the videotapes and the officers’ testimony, leading it to conclude that the jury’s verdict was against the weight of the credible evidence. In reviewing that ruling, our focus is no longer on whether the evidence viewed in the light most favorable to the jury’s verdict supports the verdict— it does — but on whether the district court abused its discretion in doubting the truthfulness of that evidence and ordering a new trial to avoid what it perceived as a miscarriage of justice.
The change in the question has necessarily led me to a different answer in this second appeal. I agree with my colleagues that the district court did not abuse its discretion in concluding that a new trial was warranted. Hence, I join them in affirming the district court’s judgment.